IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| **AMRO ELANSARI** | : |
| **PLAINTIFF** | : |
| **VS.** | **: CASE NO:** |
| **THE STATE OF MONTANA, AUSTIN KNUDSEN** | : |
| **(INDIVIDUAL CAPACITY), ANNE W. YATES** | : |
| **(INDIVIDUAL CAPACITY),** | : |
| **DEFENDANTS** | : |

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes the Plaintiff, Amro Elansari, by and through himself, *pro se*, to file the instant complaint at law and in equity and in support thereof avers as follows:

### I. INTRODUCTION

1. The Plaintiff initiates the instant action against the Defendants by way of 42 U.S.C. § 1983 - Civil Action For Deprivation of Rights - for an unconstitutional practice / policy set forth by the Defendants in the instant matter infringing on the rights of the Plaintiff in the instant matter thereby giving rise to the instant complaint for relief at law and in equity.

2. The Defendant Attorney General in the instant matter sent the Plaintiff a letter ordering them to desist from advertising themselves as a writer / document preparer online to individuals in the State of Montana (and many other states) for people who do not have lawyers under the penalty of action for failure to do so (see attached Exhibit A).

3. In civil cases, litigants have a statutory right, first embodied in the Judiciary Act of **1789,** to represent themselves. Stat. **73, 92 (1789).** Similar language is codified at **28 U.S.C.** § 1654 **(1982).** The right to counsel is not absolute in civil cases,This poses an interesting problem. On the one hand, it has been suggested that the due process rights of civil litigants are not co-terminous with those of criminal litigants simply because the inter- est in life or liberty is greater

than the interest in property. Hence, appointing counsel for the indigent civil litigant only in some cases is justified. On the other hand, the civil litigant who is denied court-appointed counsel and who cannot afford to hire a lawyer must represent himself in order to have his day in court. The "choice" to appear pro se may not truly be a choice under such circumstances.5 Most pro se appearances by civil litigants are not voluntary but rather result because pro se litigants cannot af- ford attorneys to represent them." Some litigants, of course, will be able to get an attorney to take their case on a contingent fee basis. Many pro se civil cases, however, are civil rights cases or habeas corpus actions for injunctive relief which would not gener- ate money judgments.55 Thus, we cannot do in this instance what Judge Richard Posner would have us do: subject the merits of every case to "the test of the market,'" 6 and assume that a civil litigant who cannot retain counsel does not have a meritorious case. In civil rights cases brought under 42 U.S.C. § 1983, attorney's fees are available to the plaintiff's attorney under 42 U.S.C. § 1988 if the plaintiff prevails on the merits. The vast majority of § 1983 cases are, however, dismissed before trial. Hence, this is not, as Posner suggests, an added incentive for attorneys to take civil pro se cases. Merritt, 697 F.2d at 770; Note, 55 Fordham L.Rev. at 1133-35, nn.162, 173-77.

4. a. *The ProSe Civil Litigant'sInterest.*The pro se civil liti- gant's constitutionally protected interest is in a meaningful opportunity to be heard. Obviously, valuation of this interest includes the value of the underlying substantive claim which he may be ei- ther prevented or deterred from bringing. It also includes the value of this opportunity itself. See Zeigler and Hermann, 47 N.Y.U.L.Rev. at **205-06** (cited in note 2) (pro se litigants deserve fair and efficient screening of their claims) meaningful opportunity to be heard is a core due process value. As discussed above, if one cannot proceed at all, one clearly has lost more than simply the damages or the injunctive relief sought because the meaningful opportunity to be heard is itself a protected interest

5. In summary, pro se litigants in civil cases in federal court are entitled under the due process clause to have their pleadings liberally construed by the courts under the *Haines v. Kerner* standard, and from this - is derived a right to assistance with writing and typing and document prep outside of legal assistance. From this, arises the fundamental right of the Plaintiff to contract as a writer similar to other writers in the writing profession as on a job by job basis - which makes the laws cited by Montana limiting the ability of the Plaintiff, an American citizen, from marketing this constitutionally protected function to the people of Montana is entirely unconstitutional and must be stricken as so.

6. The law that makes it so that people who cannot afford costly lawyers or paralegals supervised costly lawyers is in and of itself unconstitutional and the law / policy the Attorney General is attempting to enforce as it pertains to advertising themselves as a writer for people who do not have lawyers is unconstitutional as it is being applied to the Plaintiff and must be stricken as so.

7. The Plaintiff is seeking declaration that the law as it is being applied herein is unconstitutional.

8. Plaintiff is also seeking injunctive relief ordering the Defendants to desist from their harassing / discriminatory / unlawful / unconstitutional conduct under penalty of contempt of court.

## JURISDICTION AND VENUE

9. Jurisdiction exists in the instant matter pursuant to 42 U.S.C. 1983 - Civil Action for Deprivation of Rights as the matter complained of involves individuals acting under the color of state law and a constitutional challenge to an official practice, policy, or custom of the state.

10. Venue is appropriate because the Defendants are located in this state and the U.S. District Court for Montana is the proper court to address constitutional issues as they pertain to the State of Montana specifically.

## PARTIES

7. PLAINTIFF - Amro Elansari - the Plaintiff in the instant matter - with an address of ADDRESS LINE 1, ADDRESS LINE 2 (Redacted).

8. DEFENDANT - The State of Montana, represented by the Attorney General of Montana, Austin Knudsen, Attorney General, and Anne W. Yates, Assistant Attorney General with an address of 555 Fuller Avenue, P.O. Box 200151, Helena, Montana 59620-0151.

## STATEMENT OF FACT

9. On July 15, 2021, the Plaintiff received a letter via certified mail from the Defendant dated July 8, 2021 addressed herein as Exhibit A.

10. The letter states that the Plaintiff offering to draft pleadings for people and file legal documents among other assistance constitutes practicing law without a license.

11. The Plaintiff directly contests that this law is unconstitutional;

- It prevents people who cannot afford lawyers or paralegals supervised by lawyers the chance to prepare their documents to access the civil justice system -
- It infringes on the fundamental right to freedom of contract between the Plaintiff to contract with others specifically for unlicensed writing and document preparation services

12. Supporting this claim of unconstitutionality requires an examination of declaring a practice, policy, or custom unconstitutional and one of the landmark cases in the United States in this is *Gideon v. Wainwright*, 372 U.S. 335 (1963) is a landmark United States Supreme Court case in which the Court unanimously held that in criminal cases states are required under the Sixth Amendment of the U.S. Constitution to provide an attorney to defendants who are unable to afford their own attorneys. The case extended the right to counsel, which had been found under

the Fifth and Sixth Amendments to impose requirements on the federal government, by imposing those requirements upon the states as well. (emphasis added).

13. How about in the civil context? What if people cannot afford attorneys in the civil contest, for example, in their eviction case. In the civil context, people do not have a right to an attorney and this is very clear because **Gideon v. Wainwright**, 372 U.S. 335 (1963) only applies to criminal cases.

14. So, in the instant matter, where there is no right to counsel in civil cases, but people in the United States have a fundamental right to access the justice system, insofar that there is a fundamental right to access the justice system individually as a *pro se litigant*, the law described in the instant matter makes it so that consumers / constituents in Montana *only* have the option of obtaining (a) an expensive lawyer or (b) an expensive paralegal supervised by a lawyer.

15. What about (c) - a typist. If someone with a disability or a senior citizen not well with computers wants a hand typing the forms to file a claim in the U.S. District Court for Montana - for example - in a §1983 case - and he cannot afford a $5,000 lawyer - and he cannot afford a paralegal supervised by a lawyer - does he not have the fundamental right to seek out a writer or typist nearby to type the words on the document as they are dictated?

16. Moreover, does the writer not have a right to advertise themselves as an independent contractor / writer providing this writing service that people have a fundamental constitutional right to (document preparation in order to access the civil justice system for pro se litigants).

17. The U.S. District Court IFP Form states specifically - "did you pay a lawyer for preparing this claim - yes or no" - no - I never represented myself to be a lawyer.

18. The U.S. District Court IFP Form states specifically - "did you pay a paralegal - **typist** - or any other type of document preparation or writing service to prepare this petition" - yes - me - the Plaintiff.

19. So in this case, Montana state law is actually going as far as prohibiting and preventing the people of Montana from accessing the civil justice system as they are rightfully entitled to, and the Defendants in the instant matter are wrongfully using the color of law to intimidate and coerce the Plaintiff from engaging in this constitutionally protected practice.

20. Therefore, the letter sent by the Defendants dated July 8, 2021 is evidence of this unconstitutional practice and must be declared unconstitutional as a matter of law.

21. The Defendants have absolutely no right whatsoever under the United States Constitution to limit and prevent access to the justice system in the manner that they have. Many other states have no regulations on paralegals. Moreover, many states have regulations as long as a person maintains that they are a 'certified' paralegal versus an uncertified paralegal. Moreover, a typist or someone who dictates is entirely different than being a 'paralegal' and the service of writing and providing document files emailed conveniently is an entirely different service than providing paralegal or legal services, as proven in IRS representations of the same.

22. The Plaintiff - specifically - maintains a non-profit library of forms and documents - but the labor and service of filling them out with names and dates and information for the convenience of the filer is a labor that cannot go uncompensated for; and the limitation of which is plain unconstitutional as a matter of law. Furthermore, the ad of the Plaintiff **specifically states** that the Plaintiff **is for people that do not have lawyers that need to file documents in court**. The people have a constitutional right to access the Court, and they need an online typist to organize pdfs and put their words on paper for them, if they cannot read or write well, then does the

Attorney General of Montana / State of Montana *have to make pro se litigants even further disadvantaged by not being able to access more affordable document writing services???* - This is the fundamental claim in this case - and the answer is absolutely not - there is no way in the United States of America is this law and practice constitutional because it hinders access to the justice system by actually going against individual citizens who cannot afford counsel from at least having a reasonable chance from accessing the justice system.

23. The efforts of the Defendant State of Montana to limit the constitutional rights of its citizens and the rights of American Citizens as a whole as evidenced in the instant matter is absurd and unconstitutional in the clearest sense of the term.

24. The U.S. The Constitution was written before Montana was even a state - and this law Section 37-61-201, Mont. Code Ann cited by the Defendants in the instant matter is unconstitutional in every sense of the term.

25. The Supremacy Clause of the United States Constitution gives supreme weight to the constitutional rights of the people - the citizens of the United States - over unconstitutional laws such as the one complained of in the instant matter - and therefore judgment in favor of the Plaintiff is mandated.

26. Plaintiff is seeking any and all applicable relief in the instant matter including but not limited to declaratory relief in favor of the Plaintiff, injunctive relief ordering the Defendant's to desist their unconstitutional conduct, compensatory damages for lost business to be assessed against the individual capacity Defendants, as well as any and all other relief deemed necessary.

## COUNT I

## 42 U.S.C. 1983 - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

27. The Plaintiff incorporates by reference Paragraphs 1 through 26 as though set forth herein at length.

28. The instant action is for civil action for deprivation of rights on the basis of an unconstitutional practice or custom.

29. To impose liability under § 1983 against a county, however, a plaintiff must show, inter alia, "that [the plaintiff] possessed a constitutional right of which [the plaintiff] was deprived[.]" Plumeau v. School District #40, 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted). "Liability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1155 (9th Cir. 2007) (quoting Monell, 436 U.S. at 694 and Ulrich v. City and County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002)).

30. The instant matter clearly shows the Attorney General attempting to enforce a policy or custom unconstitutionally under the color of law.

31. The question of whether the enforcement is unconstitutional is a question of law in favor of the Plaintiff, and so the Plaintiff is seeking a declaration of the same in this Court as well as injunctive relief ordering the Defendant's to desist from the same.

32. Plaintiff is seeking any and all applicable relief in the instant matter including but not limited to declaratory relief in favor of the Plaintiff, injunctive relief ordering the Defendant's to desist their unconstitutional conduct, compensatory damages for lost business to be assessed against the individual capacity Defendants, as well as any and all other relief deemed necessary.

## CONCLUSION

33. The story of the Plaintiff is simple - I - Amro Elansari - went to law school - to find out that there was a constitutional error with the laws on medicinal cannabis. So - I challenged this law (and still am) and in the process learned how to write briefs and motions. Since - I sued Best Buy and Dell in Philadelphia - and when the judge tried to dismiss the case - I actually won the appeal and had it reversed - because I had learned from the medical cannabis case. But the lawyer that lost the Best Buy / Dell case initially for me let me know - it's not about the lawyer you have - it is about the writing and research. So - I started my services for writing and research and document prep - because I know the work that goes into preparing forms into PDFS from working 5+ years as a writer as well (separate from this project which is only 2 years old). Writing is an entirely separate labor from "lawyering". I cannot represent anyone - whereas the lawyer I used can have a client in Arizona who was injured sued in Philadelphia where he is simply because he advertised to her online and (business) does business in Pennsylvania. In this case, I am clearly and 100% not a lawyer, and a writer - for a *much* lower rate ($120) - flat rate - any motion - brief - complaint - form - packet - response - research you need **WRITTEN** or **TYPED** by **SOMEONE WHO IS NOT A LAWYER** (that's why it costs $120 - genius) - is clearly 100% legitimate. Furthermore, my record of 2,000 calls answered and 600 cases written SHOWS the legitimacy of my writing service - and my feedback and results are exceptional - with all facts disputed to be determined.

When I was in law school fighting to legalize medical cannabis on a constitutional basis - I kept having this fantasy that there would be some "generous" lawyer that would be willing to help. Then - I found that to be NONSENSE - and that EVERY lawyer wants $5,000 to take a case - and half of them are incompetent nonetheless! Why? Because when America started, it wasn't as wealthy as it is now. Now that banks and insurance companies are so inflated - lawyers are

inflated to - and the average individual cannot access a lawyer without them spitting "$5,000 is my minimum" in their face. The least one of the 100's of lawyers I've spoken to could have guided me to is the *pro se* packet for the county / state being filed in. *Can you believe it?*

I realized, in the United States of America, you have only one person you can trust, it is yourself, and so educating yourself with writing and research is just about one of the most valuable investments you can make for yourself - and that is why being a researcher and writer for people has made people tremendously happy - results speak for themselves.

If the Judge on this Court has a heart in any way - shape - or form - then he will think of all of the old people - all of the senior citizens - all of the people with disabilities - all of the single women - and all of the disadvantaged individuals I have helped over the past 2 years and 600+ cases and 2,000 calls taken - and declare the practice complained of herein unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby respectfully requests judgment to be issued in favor of the Plaintiff as follows:

(1) Declaratory Judgment - in favor of the Plaintiff striking Section 37-61-201, Mont. Code Ann as unconstitutional

(2) Injunctive Relief - ordering Defendants Knudsen and Defendant Yates to desist from further unconstitutional conduct.

(3) Compensatory Damages - in the amount of lost business caused directly and proximately by the Defendant's conduct

(4) Any and all other relief deemed necessary and applicable.

DATED: July 16, 2021               Respectfully Submitted,