IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMRO ELANSARI,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF MONTANA, AUSTIN KNUDSEN (INDIVIDUAL CAPACITY), ANNE W. YATES (INDIVIDUAL CAPACITY),<br><br>Defendants, | CV 21-57-H-BMM-KLD<br><br>FINDINGS & RECOMMENDATION |

On August 20, 2021, the Court issued an Order granting pro se Plaintiff Amro Elansari's motion for leave to proceed in forma pauperis. (Doc. 7).

## I.  Screening Requirement

Because Elansari is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

1

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9ht Cir. 2014).

"Section 1915 requires a court to dismiss an action at any time if the defendant is entitled to immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016). "Once a court has sufficient information to make a determination on immunity, the statute mandates dismissal – even if dismissal comes before the defendants are served." *Chavez*, 817 F.3d at 1167 (citing *Lopez v. Smith*, 203 F.3d

1122, 1130 (9th Cir. 2000). Section 1915(e) applies to both absolute and qualified immunity. *Chavez*, 817 F.3d at 1168.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## II. Elansari's Allegations

Elansari brings this action under 42 U.S.C. § 1983 against the State of Montana, Montana Attorney General Austin Knudsen in his individual capacity, and Montana Assistant Attorney General Anne Yates in her individual capacity.

3

On July 8, 2021, the State of Montana Department of Justice Office of Consumer Protection sent Elansari a cease-and-desist letter via certified mail regarding the unauthorized practice of law.1  (Doc. 2-1). The letter is signed by Yates, and advises Elansari that "[i]t has come to the Montana Attorney General's attention that you are posting on Craigslist Montana communities and offering to draft pleadings and file legal documents, among other things." (Doc. 2-1, at 1). The letter explains that the Office of Consumer Protection is charged by the Montana Supreme Court with responsibility for investigating whether a person is practicing law without a license. (Doc. 2, at 1). The letter goes on to state that all persons providing legal services in Montana for anyone other than themselves must be licensed by the Montana Supreme Court, and refers to Mont. Code Ann. § 37-61-201 for a description of who is considered to be practicing law. (Doc. 2-1, at 1). The letter advises Elansari that what he is offering to do in his Craigslist ads, and what he is "arguably already committing" constitutes the unauthorized practice of law in Montana. (Doc. 2-1, at 3). The letter states that Elansari "must immediately cease and desist," and if the Office of Consumer Protection finds the ads have not been timely removed, it "will contact the hosting platforms to remove the ads and consider enforcement options." (Doc. 2-1, at 3). The letter also

---

1 A copy of this letter is attached to Elansari's Complaint. (Doc. 2-1).

cautions that Elansari "must cease all such work for any Montana resident and return any funds solicited from Montana residents." (Doc. 2-1, at 3).

Elansari brings suit under 42 U.S.C. § 1983. He claims that Mont. Code. Ann. § 37-61-201 is unconstitutional as applied to him, and alleges that Defendants violated his rights under the United States Constitution by enforcing Montana's statutory prohibition against the unauthorized practice of law. In particular, he alleges Defendants have violated the Contracts Clause of the United States Constitution, Ar. I, § 10, cl. 1 by interfering with his right "to contract with others specifically for unlicensed writing and document preparation." (Doc. 2, at 4). Elansari further alleges Defendants violated an unspecified constitutional right of access to the justice system by preventing those who cannot afford a lawyer from hiring him to help "prepare their documents to access the civil justice system." (Doc. 2, at 4). Elansari asks the Court to declare Mont. Code Ann. § 37-61-201 unconstitutional and requests compensatory damages "in the amount of lost business caused directly and proximately by Defendant[s'] conduct." (Doc. 2, at 10).

### III.   Analysis

#### A.   State of Montana

Elansari names the State of Montana as a Defendant. It is well-settled,

however, that the Eleventh Amendment to the United States Constitution bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State.2 *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. In addition, states are not "persons" subject to suit under § 1983. See e.g. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. of Medical* Examiners, 678 F.3d 737, 740 n. 1 (9th Cir. 2012).; *Will v. Michigan Dep't of St. Police*, 491 U.S. 58, 65, 71 (1989). The State of Montana is entitled to Eleventh Amendment immunity from suit in federal court, and is not a "person" for purpose of § 1983. Accordingly, Elansari may not proceed with his claims against the State of Montana in federal court.

B.     **Attorney General Knudsen**

---

2 Elansari is well aware of the principle of Eleventh Amendment immunity, as reflected in a memorandum and order entered in January 2021 by the United States Court for Eastern District of Pennsylvania declaring Elansari a vexatious litigant. *Amro Elansari v. The Commonwealth of Pennsylvania*, 2:21-CV-141-JHS, ECF No. 6, at 10, Memorandum (E.D. Pa. Jan. 28, 2021); ECF No. 11, Order (E. D. Pa. Jan. 29, 2021).

Elansari brings suit against Attorney General Austin Knudsen solely in his individual capacity. A state official sued in his individual capacity may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). See also *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989). Elansari's Complaint does not allege any specific facts from which the Court may plausibly infer that Knudsen was personally involved in any alleged constitutional deprivation, or any facts establishing the requisite causal connection for individual capacity liability. Because Elansari does not allege any basis for holding Knudsen liable in his individual capacity, he fails to state a claim for relief against Knudsen.

C. **Absolute Prosecutorial Immunity**

In addition, Elansari's claims against both Knudsen and Yates are barred the doctrine of prosecutorial immunity.

Prosecutors and government attorneys who perform functions analogous to those of a prosecutor are entitled to absolute immunity from § 1983 claims for their quasi-judicial actions as long as those acts are performed within the scope of their authority. See *Ashelman v. Pope*, 793 F.2d 1072, 1075, 1078 (9th Cir. 1986). A

7

prosecutor is entitled to absolute immunity from a § 1983 action for damages when performing a function that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity also shields state officials who perform the "functions of a prosecutor in state administrative proceedings." *Butz v. Economou*, 438 U.S. 478, 513 (1978). Courts have also applied prosecutorial immunity to government attorneys for bringing civil enforcement proceeding pursuant to their statutory duties where the government attorney's function is directly analogous to the attorney's function in a criminal proceeding. See *Donahoe v. Arpaio*, 2012 WL 2063455, at *1 (D. Ariz. June 7, 2012). See also *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 715 (9th Cir. 1995) (granting bar counsel absolute quasi-judicial immunity for their role in the attorney disciplinary system).

Whether a government attorney is "representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that [the attorney] can perform her functions without harassment or intimidation.'" *Dorsey v. Orloff*, 1997 WL 85016, at *3 (N.D. Cal. Feb. 24, 1997) (citing *Fry v. Melaragno*, 939 F.3d 832, 837 (9th Cir. 1991) (citation omitted). "The touchstone of prosecutorial immunity is whether the attorney's actions are 'intimately' or 'closely' associated with the

8

judicial process – pre-, post-, or during litigation." *Dorsey*, 1997 WL 85016, at *3 (citing *Fry*, 939 F.2d at 837 and *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). That said, prosecutors are not entitled to absolute immunity when they perform administrative or investigatory functions. *Fletcher v. Kalina*, 93 F.3d 653, 655 (9th Cir. 1996).

Here, Elansari's claims are based on the cease-and-desist letter he received from the State of Montana Department of Justice Office of Consumer Protection, which was signed by Yates. As set forth above, the letter advised Elansari that he is "arguably already committing" the unauthorized practice of law and "must immediately cease and desist" or the Office of Consumer Protection will "consider enforcement options." (Doc. 2-1, at 3).

In Montana, all complaints about the unauthorized practice of law should be submitted to the Department of Justice, Office of Consumer Protection. See *In re Dissolving the Commission on the Unauthorized Practice of Law*, 242 P.3d 1282 (Mont. 2010) (concluding that the Montana Supreme Court is not authorized to regulate the "unauthorized practice of law" and dissolving the Commission on the Unauthorized Practice of Law). See also http://dojmt.gov/consumer/unlicensed-practice-of-law. The Office of Consumer Protection is responsible for investigating whether a person is practicing law without a license. See Mont. Code Ann. § 30-

14-113. Investigation and enforcement proceedings are both authorized through the Consumer Protection Act, Mont. Code Ann. § 30-14-101 et seq. The statute setting forth the penalty for the unauthorized practice of law provides that a person who practices law without having received a license as an attorney "is guilty of a contempt of court," without specifying whether the contempt is civil or criminal. Mont. Code Ann. § 37-61-210.

While prosecutorial immunity would likely not apply to the initial investigation by the Office of Consumer Protection, it would apply to Yates' conduct in issuing the cease-and-desist letter, because in doing so she was clearly acting in her capacity as a government attorney to enforce Montana's statutory prohibition against the unauthorized practice of law. As reflected in the cease-and-desist letter that forms the basis of Elansaris's claims, Yates is entitled to prosecutorial immunity for her conduct in enforcing Montana's statutory prohibition against the unauthorized practice of law. Likewise, even if Elansari had alleged facts showing that Knudsen was personally involved issuing the cease-and desist letter, he too would be entitled to prosecutorial immunity.

### D. Qualified Immunity

Even if prosecutorial immunity does not apply, Elansari's claims are subject to dismissal for the additional reason that Knudsen and Yates are entitled to

qualified immunity.

To determine if an official is entitled to qualified immunity a court considers two factors: (1) whether the facts as alleged state a violation of a constitutional right, and (2) whether the right is clearly established, such that a reasonable official would have known that his or her conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). A district court is "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

In determining whether a right is clearly established, this Court first looks to binding precedent from the Supreme Court or the Ninth Circuit. *Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004). In the absence of binding precedent, "the Court looks to whatever decisional law is available to ascertain whether the law is clearly established for qualified immunity purposes, including decisions of state courts, other circuits, and district courts." *Boyd*, at 781 (quoting *Drummond v. City of Anaheim*, 343 F.3d 1052, 1060 (9th Cir. 2003) (internal quotations omitted)). It is not required that there be a case directly on point before concluding that the law is clearly established, "but existing precedent must have placed the statutory or

constitutional question beyond debate." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (internal quotation omitted).

A right is clearly established where it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Hines v. Youseff*, 914 F.3d 1218, 1229 (9th Cir. 2019) (*quoting Reichle v. Howards*, 566 U.S. 658, 664 (2012).) "If the law did not put the officer on notice that his conduct would be clearly unlawful," the officer is entitled to qualified immunity. *Saucier*, 533 U.S. at 202 (referring to *Malley v. Briggs*, 475 U.S. 335 (1986)).

Here, Elansari alleges Defendants violated his rights under the United States Constitution by sending him a cease-and-desist letter enforcing Montana's statutory prohibition against the unauthorized practice of law. He claims that Defendants violated an unspecified constitutional right of access to the justice system by preventing those who cannot afford a lawyer from hiring him to help "prepare their documents to access the civil justice system." (Doc. 2, at 4). Liberally construed, this portion of Elansari's Complaint can be read as alleging that Defendants violated his and his customers' right to engage in conduct protected by the First Amendment of the United States Constitution. Elansari further alleges that Defendants interfered with his right to contract with others for

12

"unlicensed writing and document preparation" in violation of the Contracts Clause of the United State Constitution.

Neither of these alleged constitutional rights is clearly established. The United States Supreme Court has long recognized that states have broad authority to regulate against the unauthorized practice of law. See *Sperry v. Florida ex rel. Florida Bar*, 373 U.S. 379 (1963). In *Montana Supreme Court Commission on the Unauthorized Practice of Law v. O'Neil*, 147 P.3d 200, 214 (Mont. 2006), the Montana Supreme Court expressly rejected claims that application of Montana's unauthorized practice of law statutes violated the plaintiff's First Amendment rights. As the Supreme Court recognized, "[o]ther courts have repeatedly rejected claims 'that an individual has a First Amendment right to practice law in any way of his choosing, free even of rationally-based regulation,' because such a 'broadly formulated First Amendment argument here would, if successful, greatly undermine the power of states to regulate bar membership, when this power has been repeatedly recognized and upheld by the courts." *O'Neil*, 147 P.3d at 214 (quoting *Russell v. Hug*, 275 F.3d 812, 823 (9th Cir. 2002)). The Supreme Court held that "[j]ust as [the plaintiff] has no First Amendment right to practice law without a license, his customers have no First Amendment right to unlicensed legal representation." *O'Neil*, 147 P.3d at 214. The same is true here. Particularly in

13

light of *O'Neil,* there is nothing that would have put Yates or Knudsen on notice that their conduct in issuing a cease-and-desist letter directing Elansari to remove his Craigslist ads and stop engaging in the unauthorized practice of law would be clearly unlawful.

To the extent Elansari asserts that enforcement of Montana's unauthorized practice statute violates the Contracts Clause, the Court is not aware of any federal or Montana caselaw recognizing a constitutional right to contract with others to provide unlicensed legal services, or that enforcing a state's statutory prohibition on the unauthorized practice of law somehow violates the Contracts Clause. Because Elansari has not identified any clearly established constitutional rights that could have been violated under the facts as alleged, Knudsen and Yates are entitled to qualified immunity on Elansari's claims under 42 U.S.C. § 1983.

### E.    Dismissal with Prejudice

The Court concludes that the deficiencies set forth above cannot be cured by the allegation of additional facts. Amendment would be futile. Elansari's claims against the State of Montana should be dismissed based on Eleventh Amendment immunity, and his § 1983 claims against Knudsen should be dismissed for failure to state claim. In addition, Elansari's claims against Knudsen and Yates are subject to dismissal based on the doctrine of prosecutorial immunity and,

alternatively, because Knudsen and Yates are entitled to qualified immunity.

For the reasons discussed above, the Court enters the following:

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Elansari's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE.

2. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Elansari may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

//

//

//

//

//

<u>Elansari must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of October, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge