IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMRO ELANSARI,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF MONTANA, AUSTIN KNUDSEN (INDIVIDUAL CAPACITY), ANNE W. YATES (INDIVIDUAL CAPACITY),<br><br>　　　　　　Defendants. | CV 21-57-H-BMM-KLD<br><br><br>ORDER |

United States Magistrate Judge Kathleen L DeSoto entered her Findings and Recommendations in this case on October 6, 2021 (Doc. 8). Judge DeSoto recommended that this matter should be DISMISSED WITH PREJUDICE and have the docket reflect that the Court certifies pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Amro Elansari ("Elansari") filed an objection to the Findings and Recommendations. (Docs. 9 & 11). The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the complaint,

however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). (See Doc. 4). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court reviewed Judge DeSoto's Findings and Recommendations and adopts them in full for the reasons discussed below.

## BACKGROUND

On July 8, 2021, the State of Montana Department of Justice Office of Consumer Protection sent Elansari a cease-and-desist letter via certified mail regarding the unauthorized practice of law. (Doc. 2-1). The letter advises Elansari that "[i]t has come to the Montana Attorney General's attention that you are posting on Craigslist Montana communities and offering to draft pleadings and file legal documents, among other things." (Doc. 2-1 at 1.) The letter goes on to state that all persons providing legal services in Montana for anyone other than themselves must be licensed by the Montana Supreme Court, and refers to Mont. Code Ann. § 37-61-201 for a description of who is considered to be practicing law. (Doc. 2-1 at 1). The letter states that Elansari "must immediately cease and desist," and if the Office of Consumer Protection finds Elansari's ads have not been timely removed, it "will

contact the hosting platforms to remove the ads and consider enforcement options." (Doc. 2-1 at 3).

Elansari brings suit under 42 U.S.C. § 1983. He claims that Mont. Code. Ann. § 37-61-201 is unconstitutional as applied to him and alleges that Defendants violated his rights under the United States Constitution by enforcing Montana's statutory prohibition against the unauthorized practice of law. Elansari further alleges Defendants violated a right of access to the justice system by preventing those who cannot afford a lawyer from hiring him to help "prepare their documents to access the civil justice system." (Doc. 2, at 4). Elansari asks the Court to declare Mont. Code Ann. § 37-61-201 unconstitutional and requests compensatory damages "in the amount of lost business caused directly and proximately by Defendant[s'] conduct." (Doc. 2, at 10).

## ANALYSIS

Judge DeSoto began her analysis by finding that the State of Montana is entitled to Eleventh Amendment immunity from suit in federal court and is not a "person" under 42 U.S.C. § 1983. (Doc. 8 at 5-6.) This Court agrees with Judge DeSoto's findings. It is well settled law that that the Eleventh Amendment to the United States Constitution bars suit in federal court against a state and state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See, e.g.*, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-

268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Elansari cannot proceed with his claims against the State of Montana in federal court.

Elansari also brought this action against Montana Attorney General Austin Knudsen and Montana Assistant Attorney General Anne Yates in their individual capacities. (Doc. 2.) Judge DeSoto found that Attorney General Knudsen and Assistant Attorney General Yates were both entitled to qualified immunity on Elansari's claims under 42 U.S.C. § 1983. This Court agrees with Judge DeSoto's findings.

To determine if an official is entitled to qualified immunity a court considers two factors: (1) whether the facts as alleged state a violation of a constitutional right; and (2) whether the right is clearly established, such that a reasonable official would have known that his or her conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). In determining whether a right is clearly established, this Court first looks to binding precedent from the Supreme Court or the Ninth Circuit. *Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004). In the absence of binding precedent, "the Court looks to whatever decisional law is available to ascertain whether the law is clearly established for qualified immunity purposes, including decisions of state courts, other circuits, and district courts." *Boyd*, at 781 (quoting *Drummond v. City of Anaheim*, 343 F.3d 1052, 1060 (9th Cir. 2003) (internal quotations omitted)).

A right is clearly established where it is "sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Hines v. Youseff*, 914 F.3d 1218, 1229 (9th Cir. 2019) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012).) "If the law did not put the officer on notice that his conduct would be clearly unlawful," the officer is entitled to qualified immunity. *Saucier*, 533 U.S. at 202 (referring to *Malley v. Briggs*, 475 U.S. 335 (1986)).

Elansari alleges Defendants violated his rights under the United States Constitution by sending him a cease-and-desist letter enforcing Montana's statutory prohibition against the unauthorized practice of law. Elansari claims that Defendants violated an unspecified constitutional right of access to the justice system by preventing those who cannot afford a lawyer from hiring him to help "prepare their documents to access the civil justice system." (Doc. 2 at 4). Judge DeSoto liberally construed Elansari's claims to allege a violation of his and his customers' right to engage in conduct protected by the First Amendment of the United States Constitution and interference with his right to contract with others in violation of the Contracts Clause of the United States Constitution.

Neither of these alleged constitutional rights is clearly established. To the contrary, the United States Supreme Court has long recognized that states have broad authority to regulate against the unauthorized practice of law. *See Sperry v. Florida*

*ex rel. Florida Bar*, 373 U.S. 379 (1963). The Montana Supreme Court has held the same. *See Montana Supreme Court Commission on the Unauthorized Practice of Law v. O'Neil*, 147 P.3d 200, 214 (Mont. 2006). Elansari provides no federal or Montana caselaw recognizing a constitutional right to contract with others to provide unlicensed legal services. Given that Elansari complains of no right that is clearly established under federal law, both Attorney General Knudsen and Assistant Attorney General Yates are entitled to qualified immunity. *See Saucier*, 533 U.S. at 200.

Elansari did not raise any specific objections to Judge DeSoto's finding that Attorney General Knudsen and Assistant Attorney General Yates have prosecutorial immunity to this suit. (*See* Docs. 9 & 11.) This Court's review is therefore limited to clear error. *McDonnell Douglas Corp.*, 656 F.2d at 1313. The Court finds no legal error in Judge DeSoto's Findings and Recommendations regarding prosecutorial immunity.

**IT IS THUS ORDERED** that Judge DeSoto's Findings and Recommendations (Doc. 8) are **ADOPTED IN FULL**.

1. Elansari's Complaint (Doc. 2) is **DISMISSED WITH PREJUDICE**.
2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 29th day of October, 2021.

_____
Brian Morris, Chief District Judge
United States District Court